MORGAN, LEWIS & BOCKIUS LLP
MONIQUE E. CHO (State Bar No. 251949)
mcho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
ANITA B. POLOTT (*pro hac vice* application forthcoming)
apolott@morganlewis.com
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2541
Tel: +1.202.739.3000
Fax: +1.202.739.3001

MORGAN, LEWIS & BOCKIUS LLP
JOHN V. GORMAN (*pro hac vice* application forthcoming)
jgorman@morganlewis.com
AMY M. DUDASH (*pro hac vice* application forthcoming)
adudash@morganlewis.com
1701 Market Street
Philadelphia, PA 19103-2921
Tel: +1.215.963.5000
Fax: +1.215.963.5001

Attorneys for Defendant
LAW SCHOOL ADMISSION COUNCIL, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MORLEY CAMBRIDGE TATRO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LAW SCHOOL ADMISSION COUNCIL, INC., a Delaware corporation; and DOES 1-50,<br><br>Defendants. | Case No. 2:15-CV-7627<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[28 U.S.C. §§ 1332, 1441, 1446]<br><br>Complaint Filed: August 31, 2015 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Law School Admission Council, Inc. ("LSAC" or "Defendant") hereby removes the above-entitled action filed by Plaintiff Morley Cambridge Tatro ("Plaintiff") from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

In support of its Notice of Removal, LSAC states as follows:

## I. THE STATE COURT ACTION

On August 31, 2015, Plaintiff filed a complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Morley Cambridge Tatro v. Law School Admission Council, Inc. and Does 1-50*, Case No. BC593108.  LSAC was served with the Complaint on September 1, 2015.  Copies of Plaintiff's Summons and Complaint are attached as **Exhibit A**.  A copy of the Civil Case Cover Sheet is attached as **Exhibit B**.

The Complaint alleges causes of action for breach of contract (Complaint ¶¶ 14-16), breach of the implied covenant of good faith and fair dealing (*id.* ¶¶ 17-22), and declaratory relief (*id.* ¶¶ 23-29).  Plaintiff contends that, pursuant to a Licensing Agreement, LSAC licensed him to use all available questions from previously administered Law School Admission Test ("LSAT") exams.  (*Id.* ¶¶ 2, 3, 8.)  Plaintiff further alleges that the parties entered into another contract obligating them to provide mutual general releases of claims relating to the Licensing Agreement, but that LSAC purportedly breached that contract.  (*Id.* ¶¶ 1, 7, 10.)  Plaintiff seeks, among other relief, monetary damages and a judicial declaration.  (*Id.*, Prayer for Relief.)  LSAC denies any liability in this action.

## II. THE REMOVAL IS TIMELY

This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within thirty days of September 1, 2015, the date on which LSAC was first served and first received a copy of the Complaint.

## III. REMOVAL IS APPROPRIATE BASED ON DIVERSITY OF CITIZENSHIP (28 U.S.C. § 1332)

A defendant may remove to a district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

Removal is appropriate here because this Court has original jurisdiction over this action on the basis of diversity of citizenship. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." Here, this Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because: (1) there is diversity of citizenship between the named Plaintiff and LSAC; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. There is Diversity of Citizenship Between Plaintiff and LSAC.

Diversity of citizenship exists here because LSAC is not a citizen of the same state as Plaintiff. *See* 28 U.S.C. § 1332(a)(1).

#### 1. Plaintiff is a Citizen of California.

"An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (*citing Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)); *see also Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986) ("[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'") (citation omitted). As

alleged in the Complaint, Plaintiff is a resident of the County of Los Angeles in the State of California and also operates his business, Cambridge LSAT, in the County of Los Angeles. (*See* Complaint ¶ 6 ("Plaintiff's residence and principal place of business is located in the State of California, County of Los Angeles . . .").) Accordingly, for jurisdictional purposes, Plaintiff is a citizen of the State of California.

### 2. LSAC is a Citizen of Delaware and Pennsylvania.

For diversity purposes, a corporation is deemed to be "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). LSAC is a Delaware non-profit corporation with its principal place of business located in Pennsylvania. (*See* Complaint ¶ 3.) Thus, LSAC is a citizen of both Delaware and Pennsylvania for jurisdictional purposes.[1]

### 3. The Parties are Citizens of Different States.

Complete diversity of citizenship exists under 28 U.S.C. § 1332(a) because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Pennsylvania.

### B. The Amount in Controversy Exceeds $75,000.

While LSAC denies any liability in this action, the amount-in-controversy requirement is satisfied in this action because it is "more likely than not" that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117-18 (9th Cir. 2004).

Here, Plaintiff seeks several forms of relief including a judicial declaration that any claims LSAC has against Plaintiff "pursuant to their Licensing Agreement

---

[1] Defendants "Does 1-50" are defendants sued under fictitious names whose citizenship is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity] jurisdiction, the citizenship of defendants sued under fictitious names shall be disregarded.").

or any statute or common law claim are released pursuant to the Contract, or are otherwise unenforceable." (Complaint, Prayer for Relief ¶ C.) Thus, this action implicates substantially more than $75,000 because the Contract that Plaintiff purports was made, and the declaratory relief that Plaintiff seeks, would preclude LSAC's claims for, *inter alia*, licensing fees under the Licensing Agreement. *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.").

Since 2009, LSAC has entered into license agreements with Plaintiff which obligated Plaintiff to pay licensing fees to LSAC for the use of LSAT materials. (Declaration of Wendy Margolis ("Margolis Decl."), ¶ 3.) For 2013 and 2014, Plaintiff has paid LSAC annual fees in excess of $75,000 under agreements with a similar royalty structure as the License Agreement, and Plaintiff has incurred licensing fees to LSAC for 2015 that he has not yet fully paid. (*Id.* ¶¶ 4-8.)

Plaintiff concedes in the Complaint that he continues to use LSAC materials in operating his business online. (*See* Complaint ¶¶ 1, 2, 11.) At this time, it is believed that Plaintiff has incurred in excess of $75,000 in licensing fees to LSAC for 2015. (Margolis Decl. ¶¶ 4, 5, 8.) Accordingly, a ruling on Plaintiff's claims adverse to LSAC would result in a loss to LSAC of over $75,000 in licensing fees that Plaintiff owes under the Licensing Agreement. *See In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) ("[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce.").

Further, in the Complaint, Plaintiff alleges that it will suffer damages purportedly caused by Defendants. (*See, e.g.*, Complaint at p. 6, ¶ B.) Plaintiff has not specified the amount of these purported damages, but Plaintiff's allegations suggest that Plaintiff will contend that they exceed $75,000. (*See, e.g., id.* ¶ 12 (referencing the purported injuries to Plaintiff, and that the "assets of the

Cambridge LSAT Website are unique and irreplaceable").)

## IV. THE OTHER PREREQUISITES FOR REMOVAL ARE MET

### A. Venue

This action was originally filed in the Superior Court of the State of California, County of Los Angeles. Venue in this District is, therefore, proper under 28 U.S.C. § 1441(a) because it embraces the county in which the removed state court action was filed and pending.

### B. All State Court Pleadings are Attached.

True and correct copies of all pleadings, process and orders served on LSAC in the state court action are attached to this Notice of Removal as **Exhibits A and B**, in accordance with 28 U.S.C. § 1446(a).

### C. Filing in State Court Action.

LSAC will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, the state court in which the action was filed and pending, in accordance with 28 U.S.C. § 1446(d).

### D. Service Upon Plaintiff.

LSAC will promptly serve Plaintiff's counsel of record with this Notice of Removal, in accordance with 28 U.S.C. § 1446(d).

## V. CONCLUSION

WHEREFORE, LSAC respectfully requests that this action be removed from the Superior Court of the State of California, County of Los Angeles, to this Court.

Dated: September 29, 2015        MORGAN, LEWIS & BOCKIUS LLP

By /s/ Monique E. Cho
Monique E. Cho
Attorneys for Defendant
LAW SCHOOL ADMISSION COUNCIL, INC.