Monique E. Cho (Bar No. 251949)
mcho@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
200 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501

John V. Gorman (admitted *pro hac vice*)
jgorman@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
Fax: 215.963.5001

Anita B. Polott (admitted *pro hac vice*)
apolott@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. N.W.
Washington, DC 20004-2541
Tel: 202.739.3000
Fax: 202.739.3001

***Attorneys for Defendant Law School Admission Council, Inc.***

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORLEY CAMBRIDGE TATRO,<br><br>Plaintiff,<br><br>vs.<br><br>LAW SCHOOL ADMISSION COUNCIL, INC. and DOES 1-50<br><br>Defendants. | Case No. 2:15-cv-07627-RGK-JEM<br><br>**DEFENDANT LAW SCHOOL ADMISSION COUNCIL, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Judge: Hon. R. Gary Klausner<br>Date: November 16, 2015<br>Time: 9:00 a.m.<br>Courtroom: 850 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2:15-CV-07627-RGK-JEM
REPLY MEMO. ISO MOTION TO DISMISS

## I. INTRODUCTION

In his Opposition to LSAC[1]'s Motion to Dismiss (D.I. 23) ("Opp'n"), Plaintiff makes four primary arguments, each of which fails to demonstrate (1) the existence of a contract between Plaintiff and LSAC whereby LSAC was required to sign a release unilaterally proposed by Plaintiff or (2) that Plaintiff has adequately alleged a basis for his claim for declaratory relief stemming from LSAC's purported breach of the Licensing Agreement.

First, Plaintiff attempts to escape dismissal by claiming that the instant action is akin to a situation wherein the parties had a meeting of the minds and came to agreement on all material terms of a contract, but had merely failed to reduce the contract to writing in the form of the mutual release. However, this assertion is belied by the exhibits attached to the Complaint and the facts pled therein. LSAC's purported "acceptance" was expressly conditioned on reaching an agreement regarding the terms of a release, demonstrating that, at most, the parties had an agreement to negotiate, which does not rise to the level of a binding contract under California law.

Second, Plaintiff attempts to dodge dismissal by claiming that a jury (not the Court) must decide whether a contract was formed as this is a question of fact. However, Plaintiff misses the point. Even accepting all of the facts in the Complaint as true, the August 15 and 19 correspondence fail to show the existence of a contract as a matter of law. Thus, because there is no contract, Plaintiff's breach of contract claim must be dismissed. So too must Plaintiff's tag-along claims for breach of the covenant of good faith and fair dealing and declaratory judgment.

---

[1] Unless otherwise noted all capitalized terms used herein have the meaning ascribed to them in LSAC's Memorandum of Points and Authorities in Support of its Motion to Dismiss (D.I. 15-1) ("Opening Mem.").

Third, Plaintiff attempts to artificially distinguish Counts II and III from Count I (asserting a claim for breach of contract) by ignoring the similarities between the claims. However, to the extent Counts II and III are premised on the existence of a contract and breach thereof they are nothing more than repackaging of the breach of contract allegations, and, thus, as numerous courts have held, should be dismissed as superfluous.

Finally, Plaintiff invites the Court to go on a fishing expedition within the exhibits to the Complaint to find an instance of breach of the Licensing Agreement where none exists. The Court should decline Plaintiff's invitation to ignore the requisite pleading standards.

Plaintiff's partisan view of the Complaint fails to withstand scrutiny. No amount of new factual allegations could cure Plaintiff's legally deficient claims, and, therefore, the Complaint should be dismissed with prejudice.

## II. ARGUMENT

### A. Plaintiff's Failure to Adequately Allege the Existence of a Binding Contract Warrants Dismissal of Counts I, II, and III.

In his Opposition, Plaintiff invites the Court to permit his improvidently pled claims to withstand dismissal because purportedly the Court cannot decide the issue of whether the parties intended to enter into a binding contract at the Motion to Dismiss phase. *See* Opp'n at 10. However, in order to dismiss Plaintiff's Complaint, the Court need not make such a determination regarding the parties' intentions. Even accepting as true all of Plaintiff's factual allegations (and claim that he intended to form a contract), these allegations fail to demonstrate the existence of a legally binding contract. *See Houston Gen. Isn. Co. v. Superior Ct.*, 108 Cal. App. 3d 958, 964 (Cal. Ct. App. 1980) ("The existence of a contract is generally an issue and question of law"). Thus, like numerous other courts, which have dismissed breach of contract claims after determining as a matter of law that there was no contract, the Court should dismiss Plaintiff's breach of contract claim

and tag-along claims.[2] *See, e.g.*, *Garibaldi v. Bank of Am. Corp.*, No. C. 13-02223, 2014 WL 1338563, at *3 (N.D. Cal. Apr. 1, 2014) (dismissing breach of contract claim with prejudice because even accepting the plaintiff's allegations as true, "no contract existed in this case[, and thus] plaintiff's breach of contract claim is legally barred"); *Holland v. BP Am., Inc.*, No. Civ. S-11-0580, 2012 WL 761980, at *6 (E.D. Cal. Mar. 7, 2012) (same); *see also Trell v. Am. Ass'n of Adv. of Sci.*, No. 04-CV-0030, 2007 WL 1500497, at *6 (W.D.N.Y. May 21, 2007) ("Having reviewed the Amended Complaint, the Court finds that, upon the facts as alleged in the Amended Complaint, this [breach of contract] claim must be dismissed because no contract was formed.").

### B. The Licensing Agreement Itself Directly Contradicts Plaintiff's Improvidently Pled Claim for Declaratory Relief.

Count III purports to seek declaratory relief regarding, *inter alia*, LSAC's unidentified breach of the Licensing Agreement. Instead of pleading facts, Plaintiff contends that a stray statement in his self-serving August 15 letter (Compl., Ex. A) coupled with the attachment of the Licensing Policy and Licensing Agreement (Compl., Ex. D) are sufficient to transform Plaintiff's naked assertion of breach of the Licensing Agreement into a plausible claim for declaratory relief. Opp'n at 14. However, this is precisely the sort of speculative pleading that the Supreme Court

---

[2] Plaintiff's reliance on *In re Hurtado*, 2015 WL 2399665 (E.D. Cal. May 18, 2015) to support its contention that the August 15 and 19 correspondence constitute a binding contract is misplaced. In *Hurtado*, the Court held that the parties' correspondence demonstrated a clear intent to be bound to negotiated contractual terms set forth in emails and that "further agreement [was not] required before the terms become binding" even though the parties had not drawn up a formal contract. *See id.* at *8. In contrast, here, the August 19 correspondence, which Plaintiff contends constitutes an unequivocal acceptance, expressly states that the parties had to enter into further agreement in order to create a contract. *See* Compl., Ex. B (agreeing to terminate relationship "provided we can agree upon an appropriate release" and inviting Plaintiff to propose language for release).

cautioned against in *Iqbal* and *Twombly*. After all, it is not the Court's "job, in an effort to ferret out the adequacy of [P]laintiff's pleaded allegations, to haphazardly mine documents appended to [the] Complaint." *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 79-80 (1st Cir. 2014).[3]

But, even if the Court were to search for a claim based on Plaintiff's contention in Exhibit A that LSAC breached the Licensing Agreement by failing to provide 30 days notice to Plaintiff before termination, it is apparent that such claim fails as a matter of law. Pursuant to the plain language of paragraph 2 of the Licensing Agreement, "LSAC may terminate t[he] license at its sole discretion at any time for any reason." *See* Compl., Ex. B; *id.*, Ex. D ¶ 2. Thus, there is no notice required.

### C. Plaintiff's Request for Leave to Amend Should be Denied as Any Amendment Would be Futile.

As set forth above, the Licensing Agreement expressly provides LSAC with the right to terminate the Licensing Agreement at any time for any reason without any notice. Accordingly, no matter how many new facts Plaintiff conjures up with respect to the Licensing Agreement, the result will be the same: Plaintiff cannot state a claim based on LSAC's alleged failure to provide notice prior to termination of the Licensing Agreement. Therefore, Count III should be dismissed with prejudice as any amendment regarding LSAC's purported breach of the Licensing Agreement would be futile.[4]

---

[3] In his Opposition, Plaintiff fails to refute any of the arguments LSAC raised regarding Plaintiff's abject failure to plead any facts regarding the purported unconscionability of the Licensing Agreement or basis for voiding the Licensing Agreement. *See* Opening Mem. at 13-14. Thus, to the extent Count III seeks a declaratory judgment regarding these issues, it should be dismissed.

[4] For the unrefuted reasons set forth in LSAC's Opening Memorandum of Law, the remainder of Count III and Counts I and II should also be dismissed with prejudice as Plaintiff has not and cannot plead the existence of a contract and Plaintiff has not

The fact that the Complaint was initially filed in California state court does not alter the fact that a request to amend should be rejected where, as here, it would be futile. *See Montero v. Bank of Am.*, N.A., No. 13-cv-850, 2014 WL 562506, at *15-16 (D. Minn. Feb. 13, 2014) (rejecting argument that fact complaint was filed in state court entitled party to amend and dismissing claims with prejudice after determining that claim failed as matter of law); *Broussard v. PNC Bank, N.A.*, Civ. A. No. H-11-1874, 2012 WL 2994653, at *6-7 (S.D. Tex. July 20, 2012) (same).

### III. CONCLUSION

For the reasons set forth herein and in LSAC's Opening Memorandum, LSAC respectfully requests that the Court dismiss the Complaint with prejudice.

DATED: November 2, 2015         MORGAN, LEWIS & BOCKIUS LLP

  /s/ John V. Gorman
Monique E. Cho
John V. Gorman
Anita B. Polott

***Attorneys for Defendant Law School Admission Council, Inc.***

---

and cannot offer factual support for its unfounded assertion that the Licensing Agreement is unconscionable. *See* Opening Mem. at 15-16.

# **PROOF OF SERVICE**

I, John V. Gorman, declare that on November 2, 2015, I filed the foregoing Defendant Law School Admissions Council, Inc.'s Reply Memorandum of Law in Support of Its Motion to Dismiss via the Court's CM/ECF System whereby a notice of filing was sent via email to the following:

> René P. Tatro
> Steven R. Tekosky
> TATRO TEKOSKY SADWICK LLP
> 333 S. Grand Avenue, Suite 4270
> Los Angeles, CA 90071
> Telephone: (213) 225-7171
> Facsimile: (213) 225-7151
> renetatro@ttsmlaw.com
> stevetekosky@ttsmlaw.com

***Attorneys for Plaintiff Morley Cambridge Tatro***

> */s/ John V. Gorman*
> John V. Gorman