1    Heather Antoine (246917)
     Antoine Law Group APC
2    9595 Wilshire Blvd., Suite 900
     Beverly Hills, CA 90212
3    Office: (310) 849-3134
     Fax: (877) 867-3303
4    hantoine@antoinelaw.com

5    Eric J. Menhart (*Pending Admission Pro Hac Vice*)
     Lexero Law
6    316 F Street NE, Suite 101
     Washington, DC 20002
7    Office: (855) 453-9376
     Fax: (855) 453-9376
8    Eric.Menhart@Lexero.com

9    Attorneys for Plaintiff

10

11              IN THE UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
12                     WESTERN DIVISION

13    MORLEY CAMBRIDGE TATRO,

14             Plaintiff,              Case No: 2:15-cv-7627-RGK-JEM

15                v.                **PLAINTIFF'S OPPOSITION**
                                      **TO DEFENDANT'S MOTION**
16    LAW SCHOOL ADMISSION       **TO DISMISS**
     COUNCIL, INC., ET AL.
17
            Defendants.
18

19         /

20         /

21         /

22         /

23         /

24

1    Plaintiff Morley Tatro ("Defendant" or "Tatro"), through undersigned

2    counsel, hereby submits his "Opposition to Defendant's Motion to Dismiss."

3    Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss.

4    **I. INTRODUCTION**

5    In its Motion to Dismiss, Defendant alleges that jurisdiction over this

6    declaratory action is improper, that the first-filed rule does not apply here, that

7    Plaintiff has not stated a cognizable claim, and that, alternatively, the case should

8    be transferred to the United States District Court for the Eastern District of

9    Pennsylvania. Defendant, however, is incorrect in most, if not all, of its assertions

10   regarding the propriety of this case being litigated in this Court. First, Plaintiff's

11   filing of the present action, seeking a judicial ruling on his rights and obligations

12   under the agreement at issue, is a proper declaratory action. Second, Plaintiff has

13   successfully stated a valid claim for relief as demonstrated within the "four

14   corners" of the Amended Complaint. Finally, the United States District Court for

15   the Eastern District of Pennsylvania has already ruled that, under the first-filed

16   rule, the two cases between the parties should be litigated in this Court, and

17   therefore the doctrine of issue preclusion dictates that this case should remain in

18   this Court. Alternatively, based on numerous factors, such as Plaintiff's choice of

19   forum in this Court as well as justice requiring litigation of the case in this Court,

20   this case should not be transferred out of this venue. Therefore, Plaintiff

21   respectfully requests that this Court deny Defendant's motion in its entirety.

22   **II. ARGUMENT**

23   Most of Defendant's arguments are legally precluded from further review by

24   this Court due to principles of collateral estoppel. Other arguments are simply not

1   supportable given the legal and factual context of this matter. This case should

2   accordingly move forward here in the United States District Court for the Central

3   District of California.

4   **A. Most of the Issues Raised by Defendants Are Subject to Issue**

5   **Preclusion Analysis**

6   The United States District Court for the Eastern District of Pennsylvania, in

7   its December 29, 2015 ruling, found that a Pennsylvania action filed by Defendant

8   LSAC, well after the filing of this present suit, is properly considered in the present

9   court pursuant to the "first-filed" rule. The Opinion and Order of the United States

10  District Court for Pennsylvania was already filed by Plaintiff in the present matter,

11  pursuant to the Pennsylvania Court's order. *See* Docket #33 ("Penn. Order").

12  <u>1. Legal Standard</u>

13  Under the doctrine of issue preclusion, re-litigation of the applicability of the

14  first-filed rule should be prohibited. This long-standing legal principle was

15  comprehensively explained in a recent opinion by the Supreme Court of California.

16  *See DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015). Issue preclusion

17  applies "(1) after final adjudication (2) of an identical issue (3) actually litigated

18  and necessarily decided in the first suit and (4) asserted against one who was a

19  party in the first suit or one in privity with that party." *Id*. Here, all factors are met:

20  (1) adjudication of the issue of the Pennsylvania case was final, and led to transfer

21  of the case to this Court; (2) the material issues, as explained in more detail below,

22  were identical; (3) the issues were actually litigated and decided in the

23  Pennsylvania court; (4) and the two parties in the cases are identical. Therefore,

24  this Court should rule that most of the issues now raised by Defendant cannot be

1    re-litigated, and that this case should remain in this Court. Alternatively, if the

2    Court finds issue preclusion inapplicable, it should nevertheless find that this case

3    properly remains in the Central District of California, as most of the factors

4    asserted by Defendant in support of its Motion to Dismiss point in favor of

5    adjudication in this Court.

6        2. The Pennsylvania Opinion Addressed Most Issues, Precluding Additional

7        Review

8        The Penn. Order addressed nearly all of the legal and factual matters now

9    raised by Defendant in the present action. Notably, the Penn. Order notes that:

10

11        LSAC argues we should disregard the California Action as the first-filed and

12        retain jurisdiction over the present action because: the California Action is

13        an improper anticipatory filing by Tatro simply to avoid litigating in

14        Pennsylvania; we need not defer to the California Action because Judge

15        Klausner dismissed Tatro's original complaint in its entirety, albeit with

16        leave to amend one count; and, resolution of the California Action "would

17        still leave material issues" regarding Tatro's alleged copyright infringement.

18

19        *See* Docket #33-1 at 9. (footnotes omitted). A brief review of the

20    Defendant's Motion to Dismiss demonstrates that the arguments raised before this

21    court are virtually identical to arguments already rejected by the Pennsylvania

22    court.

23

24

1         *i. The Penn. Order Holds that the "First Filed" Rule Applies*

2         First, the Penn. Order notes that "At the most basic level, these two suits

3 both revolve around the business relationship between Tatro and LSAC including

4 the scope of and duties under the Agreement." *Id.* at 10. The Court goes on to

5 explain that it is "entirely possible both courts could be called upon to interpret the

6 Agreement, albeit possibly different sections." *Id.* The Penn. Order concludes that

7 "the first-filed rule applies." *Id.* at 11. As explained by the California Supreme

8 Court, the "first filed" rule is an issue that is now precluded from further analysis

9 from another Federal Court, and the Defendant's suggestion that this Court may

10 now review the issue again is not proper

11         *ii. The Penn. Order Determined that Transfer to the Instant Court was*

12           *Proper*

13         Later in the Penn. Order, Judge Kearney explains that "considering the

14 *Jumara* public and private factors, we find most of them to be neutral and do not

15 warrant this Court retaining the action." *Id.* at 15. The Penn. Order goes on to

16 explain that "the cases involve sufficiently similar subject matter to warrant

17 application of the first-filed rule," and "finds transfer to the venue of the prior

18 pending action before Judge Klausner in the Central District of California . . . in

19 the interest of justice." *Id.* at 15.

20         Defendant LSAC, however, seeks to argue in its Motion that transfer *back* to

21 the United States District Court for the Eastern District of Pennsylvania is

22 appropriate. *See* Motion at 13-17. As demonstrated, this issue has been evaluated

23 by Judge Kearney, and the re-litigation of the issue is contrary to applicable

24 California law, which requires that the issue be subject to collateral estoppel.

**B. Jurisdiction Over This Declaratory Judgment Action is Proper in This Court**

Most, if not all, factors considered in determining whether to exercise declaratory judgment jurisdiction fall heavily in favor of Plaintiff.

<u>1. Plaintiff's Present Filing Was Not Anticipatory</u>

Defendant incorrectly concludes that Plaintiff's filing of suit in this Court was an "anticipatory filing." Contrary to Defendant's suppositions, Plaintiff did not file this action in order to succeed in a "race to the courthouse." In fact, the United States District Court for the Eastern District of Pennsylvania, in a December 29, 2015 ruling, stated that "we have no evidence Tatro filed the California Action 'in anticipation of pending litigation and motivated *solely* by considerations of forum shopping.'" *See* Dkt. #33-1 at p. 12. Therefore, this issue should be deemed precluded, and this Court should find that the filing of this action was not anticipatory.

Even if this Court deems the issue to not be legally precluded based on Judge Kearney's analysis, there is no evidence that Plaintiff's filing of this action was anticipatory. In its Motion, Defendant cites paragraphs from Plaintiff's Original Complaint for the proposition that Tatro was acting in bad faith by filing this action. However, it is unclear how the cited pleadings demonstrate that Plaintiff is acting in bad faith. Defendant makes no admissions regarding the filing of the lawsuit; instead, the paragraphs simply demonstrate that Plaintiff was aware that the conflict would not soon be resolved, and wanted a declaration of his rights and obligations.[1] Such an action is perfectly reasonable and ordinary. In fact,

---

[1] Especially confusing and misguided is Defendant's reference to ¶ 19 of the Original Complaint, which it cites in an attempt to support its allegations regarding Plaintiff's motives in filing this action. This paragraph states, in relevant

1    "'declaratory relief operates prospectively, serving to set controversies at rest

2    before obligations are repudiated, rights are invaded, or wrongs are committed,'"[2]

3    and therefore, one purpose of declaratory judgment is "to liquidate doubts with

4    respect to uncertainties or controversies which might otherwise result in

5    subsequent litigation.'" *Oildale Mut. Water Co. v. Crop Prod. Servs.*, 2014 U.S.

6    Dist. LEXIS 26935 (E.D. Cal. Feb. 28, 2014) (quoting *Meyer v. Sprint Spectrum*

7    *L.P.*, 45 Cal.4th 634, 647 (2011)). Defendant had every opportunity to file its suit

8    promptly. It did not. "Sour grapes" as to Plaintiff Tatro's perfectly lawful action is

9    not reason to preclude a proper request for judicial review of a legal issue.

10          Furthermore, though Defendant, in its Opposition, mentions settlement

11   negotiations between the parties, it does not mention any deadlines raised in

12   settlement negotiations, or any definitive statements by Defendant to Plaintiff that

13   litigation was imminent, or that a complaint had been prepared. "A suit is

14   'anticipatory' for the purposes of being an exception to the first-to-file rule if the

15   plaintiff in the first-filed action filed suit on receipt of specific, concrete indications

16   that a suit by the defendant was imminent." *Guthy-Renker Fitness L.L.C. v. Icon*

17   *Health & Fitness, Inc.*, 179 F.R.D. 264, 71 (C.D. Cal. 1998) (citing *Ward v. Follett*

18   *Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994)). Here, this Court should find that

19   this action is not anticipatory, because Defendant did not give "specific, concrete

20   indications" that it was going to imminently file suit, as well as because Plaintiff's

21

22   _____

23   part, "LSAC has breached its duty of good faith and fair dealing under the Contract by, *inter alia*, attempting to
     frustrate TATRO's ability to receive benefits under the Contract to which he is entitled by 1) stating its intention to
     sue Plaintiff in Pennsylvania on matters released by the Contract." This paragraph in no way implies that Plaintiff

24   was attempting to engage in "anticipatory filing." Instead, the reference to the possible Pennsylvania litigation
     occurs in order to demonstrate Defendant's breach of its duty to Plaintiff.
     [2] *Oildale Mut. Water Co. v. Crop Prod. Servs.*, 2014 U.S. Dist. LEXIS 26935 (E.D. Cal. 2014) (quoting *Doan v.*
     *State Farm General Ins. Co.*, 195 Cal.App.4th 1082, 1096 (2011)).
     Plaintiff's Opposition to Defendant's Motion to Dismiss

1  filed suit in order to understand his rights and obligations, rather than in direct

2  response to Defendant's threats.[3]

3          2. <u>Duplication of Litigation</u>

4          Defendant's argument that dismissal of the present action will preclude

5  inconsistent judgments is inapplicable for several reasons. First, and most

6  importantly, the fact that the Pennsylvania action has now been transferred to this

7  Court precludes any concerns about duplication of litigation or inconsistent

8  judgments. While less important, it is curious that Defendant raises concerns about

9  duplication of litigation. LSAC itself was the one that created the "duplicate"

10  litigation by filing a nearly identical suit in Pennsylvania, despite being well aware

11  of the present suit in this Court. To now argue that the Pennsylvania suit could

12  have been a duplicate, when any duplication was the result of Defendant's own

13  actions, is disingenuous, at best.

14          3.  <u>This Action Will Clarify the Legal Relations at Issue</u>

15          This action will clarify the legal obligations because this Court has the

16  power and ability to clarify the legal relations between the parties. Without such

17  clarification, the parties will be unlikely to resolve their dispute. Therefore, this

18  factor weighs in favor of this Court considering this declaratory judgment action.

19          4. <u>Convenience Weighs in Favor of Litigating in California</u>

20          Contrary to Defendant's assertion, the convenience of the parties is *not* a

21  neutral consideration for this Court. Instead, Plaintiff would be severely

22  disadvantaged were he to be forced to litigate in Pennsylvania. Plaintiff is based in

23

24

---

[3] In its Motion, Defendant alleges that "This action is plainly a reaction to the claims that LSAC brought in the Pennsylvania Action." Defendant's Motion to Dismiss at p. 6, ¶ 18-19. This is a clearly incorrect assertion, however, because the Pennsylvania Action was filed *after* the present California action.

Plaintiff's Opposition to Defendant's Motion to Dismiss

1   California. The expense and burden of traveling the more than 2,700 miles from

2   California to appear in the Pennsylvania forum, likely several times, would be

3   immense. Expending such funds on merely accessing the forum to defend itself,

4   Plaintiff would be placed at a severe disadvantage in comparison to the Defendant,

5   whose principal place of business operations are in Pennsylvania. This burden is

6   made all the more unreasonable when compared to the nominal amount of sales

7   enjoyed by Plaintiff. Plaintiff is a small business. On the other hand, Defendant is a

8   large, nationwide non-profit, that has hired a well-resourced law firm, and would

9   be far less burdened by the demands of travelling across the country to litigate its

10  claims.

11      Therefore, this Court should properly assert jurisdiction over this action, and

12  should accordingly dismiss Defendant's Motion to Dismiss.

13  **C. Plaintiff States a Cognizable Claim for Relief**

14      Plaintiff states a valid claim for relief, based on the demonstrated confusion

15  regarding the License Agreement between the parties, as well as LSAC's

16  Licensing Policy. Defendant alleges that License Agreement "expressly and

17  unambiguously provides that LSAC need not provide any notice before ending the

18  license." Motion to Dismiss at p. 11, ¶ 8-9. This is incontrovertibly false.

19      On Page 1 of the License Agreement, it is written that "This license is

20  subject to LSAC's LSAT-Question Licensing Policy." *See* Exhibit #1 at p. 1

21  (Docket #1-1 at p. 24).

22      On Page 1 of the License Agreement, "Any violation of any term or

23  condition of this license voids the license. In addition, LSAC may terminate this

24

1   license at its sole discretion at any time and for any reason." *See* Exhibit #1 at p. 1

2   (Docket #1-1 at p. 24).

3          On Page 4 of the License Policy, a term of the License Policy is that "LSAC

4   may terminate any license in the event that a licensee violates a material term or

5   condition of the license, which is not cured by the licensee within 30 days after

6   receipt of written notice of such violation from LSAC." *See* Exhibit #2 at p. 4

7   (Docket #1-1 at p. 31).

8          Both the License Policy and the License Agreement have provisions as to

9   "terminate" procedures. One document allows termination "at any time and for any

10  reason." *See* Exhibit #1 at p. 1 (Docket #1-1 at p. 24). The other document requires

11  violation of a "material term" of the license, and such termination may occur only

12  after 30 days of written notice of a "material" violation. *See* Exhibit #2 at p. 4

13  (Docket #1-1 at p. 31). There is no language, in either document, which would

14  explain which one of the documents is superior to the other. Classic contractual

15  verbiage one would typically expect to see in such arrangements, such as

16  "supersedes," "controls," "overrides" or "superior" are notably absent from the

17  documents, which were drafted entirely by LSAC.

18         Moreover, contrary to Defendant's arguments, the License Agreement does

19  not mention "notice" at all, and therefore has no "express" provision regarding

20  notice. Simply stating that Defendant may revoke the license at any time for any

21  reason does not speak to any required notice, or otherwise clarify the notice

22  requirement found in the License Policy.

23         Furthermore, Defendant again misrepresents the two documents when it

24  states that the "Term of Agreement" provision in the Licensing Policy causes the

1   notice provision in the Policy to be superseded by the Licensing Agreement. The

2   reason is simple: the "Term of Agreement" addresses the "term," or period of the

3   yearly agreements. It says absolutely nothing about "termination" of the license

4   during the applicable term.

5       This Court has already recognized that these provisions are very likely

6   conflicting. In its "Proceedings: (IN CHAMBERS) Defendant's Motion to Dismiss

7   (DE 15)" this Court itself documented the concerns:

8

9       Here, the Licensing Agreement contains two conflicting provisions about the

10      conditions for termination. One section of the contract provides, "LSAC

11      may terminate this license at its sole discretion at any time and for any

12      reason." (Compl., Ex. D at 1, ECF No. 1.) Another portion of the contract

13      states, "LSAC may terminate any license in the event that a licensee violates

14      a material term or condition of the license, which is not cured by the licensee

15      within 30 days after receipt of written notice of such violation from LSAC."

16      (Compl., Ex. D at 8, ECF No. 1.)

17

18   *See* Docket #27 at 7. As this Court itself recognizes, these provisions require

19   additional judicial review. Finally, the Amended Complaint plainly pleads

20   necessary facts to state a claim. For example, Paragraph 10 states that "the

21   Licensing Agreement…requires that Defendant provides its licensees, such as

22   Tatro, with an opportunity to cure any breach within 30 days before a license may

23   be terminated…This policy was a material part of Tatro's willingness to sign the

24   Licensing Agreement on June 15, 2015"; Paragraph 12 states that "However, on

August 4, 2015, Defendant breached the cure provision of the Licensing

Agreement…by purporting to terminate its Licensing Agreement with Tatro on the

ground that Tatro allegedly violated a material term or condition of the license,

without providing Tatro with any cure period or any opportunity to cure"; and

Paragraph 13 states that "Defendant has claimed that the Licensing Agreement

allows it to terminate without providing Tatro a cure period…" and "moreover, the

Licensing Agreement is ambiguous, and therefore may require extrinsic evidence

to determine the proper interpretation."

   As explained in detail above, and more fully in the Amended Complaint,

Plaintiff has clearly stated a cognizable claim for relief. Dismissal is inappropriate.

**D. Issue Preclusion Dictates That This Case Should Not Be Transferred to Pennsylvania**

   The United States District Court for the Eastern District of Pennsylvania, in

its December 29, 2015 ruling, found that the Pennsylvania action filed by

Defendant, after this present action was filed by Plaintiff, should also be heard in

this Court, based on application of the first-filed rule. Therefore, under the doctrine

of issue preclusion, re-litigation of the applicability of the first-filed rule should be

prohibited, as explained in detail above.

   Alternatively, if the Court finds that this issue is not precluded by the Penn.

Order, it should nevertheless find that this case should remain in the Central

District of California, as most of the factors are in favor of adjudication in this

Court, compared to any other court.

1. <u>Deference Should Be Given to Plaintiff's Choice of the Central District of California</u>

"A plaintiff's choice of venue is generally accorded deference." *Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). The claim that this claim could have been brought in the Eastern District of Pennsylvania – which Plaintiff denies – is of no consequence. Plaintiff is a resident of California, and chose to bring suit in California. Furthermore, contrary to Defendant's assertions, Plaintiff's choice of forum here is entitled to great deference because the suit was *not* filed in an effort to forum shop. The Penn. Order already found as much. California is Plaintiff's home state, and where Plaintiff's business is located. This factor weighs in favor of the case staying in this Court.

2. <u>California Is Much More Convenient Than Pennsylvania for Plaintiff</u>

As previously discussed, Plaintiff has limited financial means, particularly compared to Defendant. Plaintiff would have to spend a great deal of time and money, likely many separate times, to travel to and from Pennsylvania were the case to be transferred. Additionally, Defendant, in its Motion to Dismiss, alleges that this factor is neutral to the parties, indicating that Defendant is not inconvenienced by litigating in this Court. Therefore, this factor weighs in favor of the case staying in this Court.

3. <u>Convenience of Parties Factor Is Neutral</u>

Judge Kearney, in the Penn Order, explains that "considering . . . public and private factors, we find most of them to be neutral." *Id.* at 15. This is the case with this factor. One party will be obligated to travel across the country compared to the

1  other. Defendant LSAC has greater resources. If anything, this factor favors

2  Defendant.

3      4.  <u>Justice Dictates Litigating in California</u>

4          Defendant once again refers to its allegation of anticipatory filing in its

5  claim that the interest of justice weighs in favor of dismissing this case. As

6  Plaintiff continues to maintain, this case was not filed anticipatorily, but was

7  instead filed for in the legitimate pursuit of a declaration of the parties' rights and

8  obligations. Additionally, there is little reason to rely upon a statistical analysis of

9  "time to trial" as Defendant attempt to do. Differences in time can be related to

10 local rules, time spent on matters, and numerous other factors. The fact that this

11 Court is "slower" to trial does not mean that this Court is less capable of handling

12 this matter in an efficient way that will meet the needs of all parties.

13         All things considered, the relevant factors weigh heavily in favor of this case

14 remaining in this Court.

15     **III. CONCLUSION**

16         Based on the foregoing, Plaintiff respectfully requests that the Court deny

17 Defendant's Motion to Dismiss in its entirety.

18

19

20

21

22

23

24

Respectfully submitted,

/s/Eric J. Menhart*                         /s/Heather A. Antoine
Eric Menhart, Esq.                          Heather A. Antoine, Esq.
Lexero Law                                  Antoine Law Group APC
316 F St. NE, Suite 101                     9595 Wilshire Boulevard, Suite 900
Washington, DC 20002                        Beverly Hills, CA 90212
Eric.Menhart@Lexero.com                     hantoine@antoinelaw.com
Phone: 855-453-9376 Ext. 101                Phone: 310-849-3134
Fax: 855-453-9376                           Fax: 877-867-3303

* Pending admission *Pro Hac Vice*

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the date of this filing a copy of the foregoing was served via electronic case filing and all parties of record were served by that system.

/s/Heather A. Antoine
Heather A. Antoine, Esq.