Heather Antoine (246917)
Antoine Law Group APC
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
Office: (310) 849-3134
Fax: (877) 867-3303
hantoine@antoinelaw.com

Eric J. Menhart (*Pending Admission Pro Hac Vice*)
Lexero Law
316 F Street NE, Suite 101
Washington, DC 20002
Office: (855) 453-9376
Fax: (855) 453-9376
Eric.Menhart@Lexero.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| MORLEY CAMBRIDGE TATRO,<br><br>Plaintiff,<br><br>v.<br><br>LAW SCHOOL ADMISSION COUNCIL, INC., ET AL.<br><br>Defendants. | Case No: 2:15-cv-7627-RGK-JEM<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

i

# TABLE OF CONTENTS

Page

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A. Most of the Issues Raised by Defendants Are Subject to Issue Preclusion Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        1. Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        2. The Pennsylvania Opinion Addressed Most Issues, Precluding Additional Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B. Jurisdiction Over This Declaratory Judgment Action is Proper in This Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        1. Plaintiff's Present Filing Was Not Anticipatory. . . . . . . . . . . . .5

        2. Duplication of Litigation ….. . . . . . . . . . . . . . . . . . . . . . 7

        3. This Action Will Clarify the Legal Relations at Issue …… . .7

        4. Convenience Weighs in Favor of Litigating in California . . . .7

    C. Plaintiff States a Cognizable Claim for Relief . . . . . . . . . . . . . . . 8

    D. Issue Preclusion Dictates That This Case Should Not Be Transferred to Pennsylvania . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        1. Deference Should Be Given to Plaintiff's Choice of the Central District of California. . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        2. California Is Much More Convenient Than Pennsylvania for Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        3. Convenience of Parties Factor Is Neutral . . . . . . . . . . . . . 12

        4. Justice Dictates Litigating in California. . . . . . . . . . . . . . . 13

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

# TABLE OF AUTHORITIES

**CASES**                                                                 **Page**

*Allstar Mktg. Group, LLC v. Your Store Online, LLC*
666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009) ) . . . . . . . . . . . . . . . . . . . . . 12

*DKN Holdings LLC v. Faerber*
61 Cal. 4th 813, 824 (2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Guthy-Renker Fitness L.L.C. v. Icon Health & Fitness, Inc.*
179 F.R.D. 264, 71 (C.D. Cal. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Oildale Mut. Water Co. v. Crop Prod. Servs.,*
2014 U.S. Dist. LEXIS 26935 (E.D. Cal. Feb. 28, 2014) . . . . . . . . . . . . 6

Plaintiff Morley Tatro ("Defendant" or "Tatro"), through undersigned counsel, hereby submits his "Opposition to Defendant's Motion to Dismiss." Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss.

## I. INTRODUCTION

In its Motion to Dismiss, Defendant alleges that jurisdiction over this declaratory action is improper, that the first-filed rule does not apply here, that Plaintiff has not stated a cognizable claim, and that, alternatively, the case should be transferred to the United States District Court for the Eastern District of Pennsylvania. Defendant, however, is incorrect in most, if not all, of its assertions regarding the propriety of this case being litigated in this Court. First, Plaintiff's filing of the present action, seeking a judicial ruling on his rights and obligations under the agreement at issue, is a proper declaratory action. Second, Plaintiff has successfully stated a valid claim for relief as demonstrated within the "four corners" of the Amended Complaint. Finally, the United States District Court for the Eastern District of Pennsylvania has already ruled that, under the first-filed rule, the two cases between the parties should be litigated in this Court, and therefore the doctrine of issue preclusion dictates that this case should remain in this Court. Alternatively, based on numerous factors, such as Plaintiff's choice of forum in this Court as well as justice requiring litigation of the case in this Court, this case should not be transferred out of this venue. Therefore, Plaintiff respectfully requests that this Court deny Defendant's motion in its entirety.

## II. ARGUMENT

Most of Defendant's arguments are legally precluded from further review by this Court due to principles of collateral estoppel. Other arguments are simply not

supportable given the legal and factual context of this matter. This case should accordingly move forward here in the United States District Court for the Central District of California.

**A. Most of the Issues Raised by Defendants Are Subject to Issue Preclusion Analysis**

The United States District Court for the Eastern District of Pennsylvania, in its December 29, 2015 ruling, found that a Pennsylvania action filed by Defendant LSAC, well after the filing of this present suit, is properly considered in the present court pursuant to the "first-filed" rule. The Opinion and Order of the United States District Court for Pennsylvania was already filed by Plaintiff in the present matter, pursuant to the Pennsylvania Court's order. *See* Docket #33 ("Penn. Order").

<u>1. Legal Standard</u>

Under the doctrine of issue preclusion, re-litigation of the applicability of the first-filed rule should be prohibited. This long-standing legal principle was comprehensively explained in a recent opinion by the Supreme Court of California. *See DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015). Issue preclusion applies "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *Id*. Here, all factors are met: (1) adjudication of the issue of the Pennsylvania case was final, and led to transfer of the case to this Court; (2) the material issues, as explained in more detail below, were identical; (3) the issues were actually litigated and decided in the Pennsylvania court; (4) and the two parties in the cases are identical. Therefore, this Court should rule that most of the issues now raised by Defendant cannot be

re-litigated, and that this case should remain in this Court. Alternatively, if the Court finds issue preclusion inapplicable, it should nevertheless find that this case properly remains in the Central District of California, as most of the factors asserted by Defendant in support of its Motion to Dismiss point in favor of adjudication in this Court.

### 2. The Pennsylvania Opinion Addressed Most Issues, Precluding Additional Review

The Penn. Order addressed nearly all of the legal and factual matters now raised by Defendant in the present action. Notably, the Penn. Order notes that:

> LSAC argues we should disregard the California Action as the first-filed and retain jurisdiction over the present action because: the California Action is an improper anticipatory filing by Tatro simply to avoid litigating in Pennsylvania; we need not defer to the California Action because Judge Klausner dismissed Tatro's original complaint in its entirety, albeit with leave to amend one count; and, resolution of the California Action "would still leave material issues" regarding Tatro's alleged copyright infringement.

*See* Docket #33-1 at 9. (footnotes omitted). A brief review of the Defendant's Motion to Dismiss demonstrates that the arguments raised before this court are virtually identical to arguments already rejected by the Pennsylvania court.

*i. The Penn. Order Holds that the "First Filed" Rule Applies*

First, the Penn. Order notes that "At the most basic level, these two suits both revolve around the business relationship between Tatro and LSAC including the scope of and duties under the Agreement." *Id.* at 10. The Court goes on to explain that it is "entirely possible both courts could be called upon to interpret the Agreement, albeit possibly different sections." *Id.* The Penn. Order concludes that "the first-filed rule applies." *Id.* at 11. As explained by the California Supreme Court, the "first filed" rule is an issue that is now precluded from further analysis from another Federal Court, and the Defendant's suggestion that this Court may now review the issue again is not proper

*ii. The Penn. Order Determined that Transfer to the Instant Court was Proper*

Later in the Penn. Order, Judge Kearney explains that "considering the *Jumara* public and private factors, we find most of them to be neutral and do not warrant this Court retaining the action." *Id.* at 15. The Penn. Order goes on to explain that "the cases involve sufficiently similar subject matter to warrant application of the first-filed rule," and "finds transfer to the venue of the prior pending action before Judge Klausner in the Central District of California . . . in the interest of justice." *Id.* at 15.

Defendant LSAC, however, seeks to argue in its Motion that transfer *back* to the United States District Court for the Eastern District of Pennsylvania is appropriate. *See* Motion at 13-17. As demonstrated, this issue has been evaluated by Judge Kearney, and the re-litigation of the issue is contrary to applicable California law, which requires that the issue be subject to collateral estoppel.

4

**B. Jurisdiction Over This Declaratory Judgment Action is Proper in This Court**

Most, if not all, factors considered in determining whether to exercise declaratory judgment jurisdiction fall heavily in favor of Plaintiff.

<u>1. Plaintiff's Present Filing Was Not Anticipatory</u>

Defendant incorrectly concludes that Plaintiff's filing of suit in this Court was an "anticipatory filing." Contrary to Defendant's suppositions, Plaintiff did not file this action in order to succeed in a "race to the courthouse." In fact, the United States District Court for the Eastern District of Pennsylvania, in a December 29, 2015 ruling, stated that "we have no evidence Tatro filed the California Action 'in anticipation of pending litigation and motivated *solely* by considerations of forum shopping.'" *See* Dkt. #33-1 at p. 12. Therefore, this issue should be deemed precluded, and this Court should find that the filing of this action was not anticipatory.

Even if this Court deems the issue to not be legally precluded based on Judge Kearney's analysis, there is no evidence that Plaintiff's filing of this action was anticipatory. In its Motion, Defendant cites paragraphs from Plaintiff's Original Complaint for the proposition that Tatro was acting in bad faith by filing this action. However, it is unclear how the cited pleadings demonstrate that Plaintiff is acting in bad faith. Defendant makes no admissions regarding the filing of the lawsuit; instead, the paragraphs simply demonstrate that Plaintiff was aware that the conflict would not soon be resolved, and wanted a declaration of his rights and obligations.[1] Such an action is perfectly reasonable and ordinary. In fact,

---

[1] Especially confusing and misguided is Defendant's reference to ¶ 19 of the Original Complaint, which it cites in an attempt to support its allegations regarding Plaintiff's motives in filing this action. This paragraph states, in relevant

5

"'declaratory relief operates prospectively, serving to set controversies at rest before obligations are repudiated, rights are invaded, or wrongs are committed,'"[2] and therefore, one purpose of declaratory judgment is "to liquidate doubts with respect to uncertainties or controversies which might otherwise result in subsequent litigation.'" *Oildale Mut. Water Co. v. Crop Prod. Servs.*, 2014 U.S. Dist. LEXIS 26935 (E.D. Cal. Feb. 28, 2014) (quoting *Meyer v. Sprint Spectrum L.P.*, 45 Cal.4th 634, 647 (2011)). Defendant had every opportunity to file its suit promptly. It did not. "Sour grapes" as to Plaintiff Tatro's perfectly lawful action is not reason to preclude a proper request for judicial review of a legal issue.

Furthermore, though Defendant, in its Opposition, mentions settlement negotiations between the parties, it does not mention any deadlines raised in settlement negotiations, or any definitive statements by Defendant to Plaintiff that litigation was imminent, or that a complaint had been prepared. "A suit is 'anticipatory' for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." *Guthy-Renker Fitness L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 71 (C.D. Cal. 1998) (citing *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994)). Here, this Court should find that this action is not anticipatory, because Defendant did not give "specific, concrete indications" that it was going to imminently file suit, as well as because Plaintiff's

---

part, "LSAC has breached its duty of good faith and fair dealing under the Contract by, *inter alia*, attempting to frustrate TATRO's ability to receive benefits under the Contract to which he is entitled by 1) stating its intention to sue Plaintiff in Pennsylvania on matters released by the Contract." This paragraph in no way implies that Plaintiff was attempting to engage in "anticipatory filing." Instead, the reference to the possible Pennsylvania litigation occurs in order to demonstrate Defendant's breach of its duty to Plaintiff.

[2] *Oildale Mut. Water Co. v. Crop Prod. Servs.*, 2014 U.S. Dist. LEXIS 26935 (E.D. Cal. 2014) (quoting *Doan v. State Farm General Ins. Co.*, 195 Cal.App.4th 1082, 1096 (2011)).

filed suit in order to understand his rights and obligations, rather than in direct response to Defendant's threats.[3]

### 2. Duplication of Litigation

Defendant's argument that dismissal of the present action will preclude inconsistent judgments is inapplicable for several reasons. First, and most importantly, the fact that the Pennsylvania action has now been transferred to this Court precludes any concerns about duplication of litigation or inconsistent judgments. While less important, it is curious that Defendant raises concerns about duplication of litigation. LSAC itself was the one that created the "duplicate" litigation by filing a nearly identical suit in Pennsylvania, despite being well aware of the present suit in this Court. To now argue that the Pennsylvania suit could have been a duplicate, when any duplication was the result of Defendant's own actions, is disingenuous, at best.

### 3. This Action Will Clarify the Legal Relations at Issue

This action will clarify the legal obligations because this Court has the power and ability to clarify the legal relations between the parties. Without such clarification, the parties will be unlikely to resolve their dispute. Therefore, this factor weighs in favor of this Court considering this declaratory judgment action.

### 4. Convenience Weighs in Favor of Litigating in California

Contrary to Defendant's assertion, the convenience of the parties is *not* a neutral consideration for this Court. Instead, Plaintiff would be severely disadvantaged were he to be forced to litigate in Pennsylvania. Plaintiff is based in

---

[3] In its Motion, Defendant alleges that "This action is plainly a reaction to the claims that LSAC brought in the Pennsylvania Action." Defendant's Motion to Dismiss at p. 6, ¶ 18-19. This is a clearly incorrect assertion, however, because the Pennsylvania Action was filed *after* the present California action.

7

California. The expense and burden of traveling the more than 2,700 miles from California to appear in the Pennsylvania forum, likely several times, would be immense. Expending such funds on merely accessing the forum to defend itself, Plaintiff would be placed at a severe disadvantage in comparison to the Defendant, whose principal place of business operations are in Pennsylvania. This burden is made all the more unreasonable when compared to the nominal amount of sales enjoyed by Plaintiff. Plaintiff is a small business. On the other hand, Defendant is a large, nationwide non-profit, that has hired a well-resourced law firm, and would be far less burdened by the demands of travelling across the country to litigate its claims.

Therefore, this Court should properly assert jurisdiction over this action, and should accordingly dismiss Defendant's Motion to Dismiss.

**C. Plaintiff States a Cognizable Claim for Relief**

Plaintiff states a valid claim for relief, based on the demonstrated confusion regarding the License Agreement between the parties, as well as LSAC's Licensing Policy. Defendant alleges that License Agreement "expressly and unambiguously provides that LSAC need not provide any notice before ending the license." Motion to Dismiss at p. 11, ¶ 8-9. This is incontrovertibly false.

On Page 1 of the License Agreement, it is written that "This license is subject to LSAC's LSAT-Question Licensing Policy." *See* Exhibit #1 at p. 1 (Docket #1-1 at p. 24).

On Page 1 of the License Agreement, "Any violation of any term or condition of this license voids the license. In addition, LSAC may terminate this

8

license at its sole discretion at any time and for any reason." *See* Exhibit #1 at p. 1 (Docket #1-1 at p. 24).

On Page 4 of the License Policy, a term of the License Policy is that "LSAC may terminate any license in the event that a licensee violates a material term or condition of the license, which is not cured by the licensee within 30 days after receipt of written notice of such violation from LSAC." *See* Exhibit #2 at p. 4 (Docket #1-1 at p. 31).

Both the License Policy and the License Agreement have provisions as to "terminate" procedures. One document allows termination "at any time and for any reason." *See* Exhibit #1 at p. 1 (Docket #1-1 at p. 24). The other document requires violation of a "material term" of the license, and such termination may occur only after 30 days of written notice of a "material" violation. *See* Exhibit #2 at p. 4 (Docket #1-1 at p. 31). There is no language, in either document, which would explain which one of the documents is superior to the other. Classic contractual verbiage one would typically expect to see in such arrangements, such as "supersedes," "controls," "overrides" or "superior" are notably absent from the documents, which were drafted entirely by LSAC.

Moreover, contrary to Defendant's arguments, the License Agreement does not mention "notice" at all, and therefore has no "express" provision regarding notice. Simply stating that Defendant may revoke the license at any time for any reason does not speak to any required notice, or otherwise clarify the notice requirement found in the License Policy.

Furthermore, Defendant again misrepresents the two documents when it states that the "Term of Agreement" provision in the Licensing Policy causes the

9

notice provision in the Policy to be superseded by the Licensing Agreement. The reason is simple: the "Term of Agreement" addresses the "term," or period of the yearly agreements. It says absolutely nothing about "termination" of the license during the applicable term.

This Court has already recognized that these provisions are very likely conflicting. In its "Proceedings: (IN CHAMBERS) Defendant's Motion to Dismiss (DE 15)" this Court itself documented the concerns:

> Here, the Licensing Agreement contains two conflicting provisions about the conditions for termination. One section of the contract provides, "LSAC may terminate this license at its sole discretion at any time and for any reason." (Compl., Ex. D at 1, ECF No. 1.) Another portion of the contract states, "LSAC may terminate any license in the event that a licensee violates a material term or condition of the license, which is not cured by the licensee within 30 days after receipt of written notice of such violation from LSAC." (Compl., Ex. D at 8, ECF No. 1.)

See Docket #27 at 7. As this Court itself recognizes, these provisions require additional judicial review. Finally, the Amended Complaint plainly pleads necessary facts to state a claim. For example, Paragraph 10 states that "the Licensing Agreement…requires that Defendant provides its licensees, such as Tatro, with an opportunity to cure any breach within 30 days before a license may be terminated…This policy was a material part of Tatro's willingness to sign the Licensing Agreement on June 15, 2015"; Paragraph 12 states that "However, on

August 4, 2015, Defendant breached the cure provision of the Licensing Agreement…by purporting to terminate its Licensing Agreement with Tatro on the ground that Tatro allegedly violated a material term or condition of the license, without providing Tatro with any cure period or any opportunity to cure"; and Paragraph 13 states that "Defendant has claimed that the Licensing Agreement allows it to terminate without providing Tatro a cure period…" and "moreover, the Licensing Agreement is ambiguous, and therefore may require extrinsic evidence to determine the proper interpretation."

As explained in detail above, and more fully in the Amended Complaint, Plaintiff has clearly stated a cognizable claim for relief. Dismissal is inappropriate.

### D. Issue Preclusion Dictates That This Case Should Not Be Transferred to Pennsylvania

The United States District Court for the Eastern District of Pennsylvania, in its December 29, 2015 ruling, found that the Pennsylvania action filed by Defendant, after this present action was filed by Plaintiff, should also be heard in this Court, based on application of the first-filed rule. Therefore, under the doctrine of issue preclusion, re-litigation of the applicability of the first-filed rule should be prohibited, as explained in detail above.

Alternatively, if the Court finds that this issue is not precluded by the Penn. Order, it should nevertheless find that this case should remain in the Central District of California, as most of the factors are in favor of adjudication in this Court, compared to any other court.

1. <u>Deference Should Be Given to Plaintiff's Choice of the Central District of California</u>

"A plaintiff's choice of venue is generally accorded deference." *Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). The claim that this claim could have been brought in the Eastern District of Pennsylvania – which Plaintiff denies – is of no consequence. Plaintiff is a resident of California, and chose to bring suit in California. Furthermore, contrary to Defendant's assertions, Plaintiff's choice of forum here is entitled to great deference because the suit was *not* filed in an effort to forum shop. The Penn. Order already found as much. California is Plaintiff's home state, and where Plaintiff's business is located. This factor weighs in favor of the case staying in this Court.

2. <u>California Is Much More Convenient Than Pennsylvania for Plaintiff</u>

As previously discussed, Plaintiff has limited financial means, particularly compared to Defendant. Plaintiff would have to spend a great deal of time and money, likely many separate times, to travel to and from Pennsylvania were the case to be transferred. Additionally, Defendant, in its Motion to Dismiss, alleges that this factor is neutral to the parties, indicating that Defendant is not inconvenienced by litigating in this Court. Therefore, this factor weighs in favor of the case staying in this Court.

3. <u>Convenience of Parties Factor Is Neutral</u>

Judge Kearney, in the Penn Order, explains that "considering . . . public and private factors, we find most of them to be neutral." *Id.* at 15. This is the case with this factor. One party will be obligated to travel across the country compared to the

other. Defendant LSAC has greater resources. If anything, this factor favors Defendant.

### 4. Justice Dictates Litigating in California

Defendant once again refers to its allegation of anticipatory filing in its claim that the interest of justice weighs in favor of dismissing this case. As Plaintiff continues to maintain, this case was not filed anticipatorily, but was instead filed for in the legitimate pursuit of a declaration of the parties' rights and obligations. Additionally, there is little reason to rely upon a statistical analysis of "time to trial" as Defendant attempt to do. Differences in time can be related to local rules, time spent on matters, and numerous other factors. The fact that this Court is "slower" to trial does not mean that this Court is less capable of handling this matter in an efficient way that will meet the needs of all parties.

All things considered, the relevant factors weigh heavily in favor of this case remaining in this Court.

## III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety.

Respectfully submitted,

| /s/Eric J. Menhart* | /s/Heather A. Antoine |
|---|---|
| Eric Menhart, Esq. | Heather A. Antoine, Esq. |
| Lexero Law | Antoine Law Group APC |
| 316 F St. NE, Suite 101 | 9595 Wilshire Boulevard, Suite 900 |
| Washington, DC 20002 | Beverly Hills, CA 90212 |
| Eric.Menhart@Lexero.com | hantoine@antoinelaw.com |
| Phone: 855-453-9376 Ext. 101 | Phone: 310-849-3134 |
| Fax: 855-453-9376 | Fax: 877-867-3303 |

* Pending admission *Pro Hac Vice*

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the date of this filing a copy of the foregoing was served via electronic case filing and all parties of record were served by that system.

/s/Heather A. Antoine
Heather A. Antoine, Esq.