Heather Antoine, Esq. (246917)
Antoine Law Group APC
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
Phone: (310) 849-3134
Fax: (877) 867-3303
Email: hantoine@antoinelaw.com

Eric J. Menhart, Esq.*
Lexero Law
316 F St. NE, Ste. 101
Washington, DC 20002
Phone: (855) 453-9376
Fax: (855) 453-9376
Email: Eric.Menhart@Lexero.com
*Pending Admission *Pro Hac Vice*

Attorneys for Plaintiff
MORLEY CAMBRIDGE TATRO

Monique E. Cho, Esq. (251949)
Morgan, Lewis & Bockius LLP
300 South Grand Ave., Suite 2200
Los Angeles, CA 90071
Phone: (213) 612-2500
Fax: (213) 612-2501
Email: mcho@morganlewis.com

John V. Gorman, Esq.*
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5157
Fax: (215) 963-5001
Email: jgorman@morganlewis.com
*Admitted *Pro Hac Vice*

Anita B. Polott, Esq.*
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004
Phone: (202) 739-3000
Fax: (202) 739-3001
Email: apolott@morganlewis.com
*Admitted *Pro Hac Vice*

Attorneys for Defendant
LAW SCHOOL ADMISSION COUNCIL, INC.

1

**UNITED STATES DISTRICT COURT**

2

3

**CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION**

4

5
**Morley Cambridge Tatro,**

**CASE NO. 2:15-cv-07627-RGK-JEM**

6
**Plaintiff,**

7
v.

**JOINT RULE 26(f) REPORT FOR**

8
**Law School Admission Council, Inc. et al.,**

**SCHEDULING CONFERENCE**

9
**Defendants.**

**Date:   January 26, 2016**
**Time:   9:00 a.m.**
**Place:  Courtroom 850**

10

11

**Honorable R. Gary Klausner**

12
        Pursuant to Rule 26(a)(1) and 26(f) of the Federal Rules of Civil Procedure

13
and the Court's order requesting a report before the scheduling conference, the

14
parties jointly report to the Court as follows:

15
        **1.      Statement of The Case**

16
        Plaintiff Morley Cambridge Tatro owns and operates Cambridge LSAT, a

17
sole proprietorship that produces and sells preparation materials for the Law School

18
Admission Test ("LSAT"). In June 2015, Plaintiff signed a License Agreement

19
with Defendant Law School Admission Council, Inc. ("LSAC"), a non-profit

20
corporation that publishes and administers the LSAT, for the limited use of LSAC's

21
copyrighted materials in Defendant's preparation materials. Defendant had granted

22
Plaintiff a limited license to use LSAT materials since October 2009.

23
        It is Plaintiff's position that, in August 2015, Defendant, without the required

24
30 days' notice, terminated Plaintiff's License Agreement. This notice period,

25
which provides a licensee the opportunity to cure any breach of a license

26
agreement, is included in Defendant's Licensing Policy. Plaintiff maintains that the

27
provision regarding the notice period is incorporated by reference into the License

28
Agreement between the parties.

- 1 -

1    It is Defendant's position that the Licensing Agreement does not require any

2    notice prior to termination, and, thus, that Defendant was entitled to terminate the

3    Licensing Agreement due to Plaintiff's breaches of the same without providing

4    notice.  However, even if the Licensing Agreement were interpreted to somehow

5    require 30 days' notice prior to termination, Defendant provided to Plaintiff

6    communications which would satisfy any purported 30 day notice provision.  It is

7    Defendant's position that the Licensing Agreement was terminated as of August 15,

8    2015.

9    On August 31, 2015, Plaintiff filed suit against Defendant in the Superior

10   Court of the State of California, County of Los Angeles, alleging breach of

11   contract, breach of the implied covenant of good faith and fair dealing, and

12   requesting declaratory relief, on the basis that Defendant did not provide Plaintiff

13   with any notice, and therefore did not properly terminate the License Agreement.

14   The case was removed to the United States District Court for the Central District of

15   California on September 29, 2015. On November 19, 2015, pursuant to Defendant's

16   Motion to Dismiss, the Court dismissed all claims against Defendant, with leave for

17   Plaintiff to amend its claim for breach of the License Agreement. Accordingly,

18   Plaintiff filed an Amended Complaint on November 30, 2015, requesting a judicial

19   determination and declaration that Defendant did not properly terminate the License

20   Agreement, which remains in full force and effect.  Defendant moved to dismiss

21   Plaintiff's Amended Complaint on December 17, 2015, on the basis that, *inter alia*,

22   the action should be dismissed in favor of the Copyright Action and the Amended

23   Complaint failed to state a claim as a matter of law because the Licensing

24   Agreement unambiguously provides LSAC with the right to terminate the

25   Licensing Agreement without providing notice.

26   On September 18, 2015, LSAC filed a copyright infringement lawsuit

27   ("Copyright Action") against Plaintiff in the Eastern District of Pennsylvania.  On

28   December 29, 2015, Judge Kearney in the Eastern District of Pennsylvania

1 | transferred the Copyright Action to this District.  The Copyright Action has been

2 | assigned to Judge Lew, C.A. No. 2:16-cv-00062-RSWL-E.  The parties have filed a

3 | joint motion to consolidate the Copyright Action into the instant action pending

4 | before the Court.

5 |       **2.     Discovery Plan**

6 |           **a)**     No changes are needed in the timing, form or requirement for

7 | disclosures under Rule 26(a).  Initial disclosures will be made no later than January

8 | 22, 2016.

9 |           **b)**     Plaintiff seeks discovery as to Defendant's legal department,

10 | licensing practices, specific licensing agreement with Plaintiff, corporate structure,

11 | copyright registrations, and various communications.

12 |      Defendants' subjects of discovery in the instant case, should it proceed

13 | forward, are limited to negotiations, performance, and termination of Licensing

14 | Agreement.  To the extent that this case is consolidated with Copyright Action,

15 | Defendants would seek additional discovery.

16 |           **c)**     The parties have agreed not to produce metadata in the first

17 | instance, but to meet and confer to discuss production of metadata in specific

18 | instances as necessary. The parties further agree that discovery of electronically

19 | stored information will be of custodians who are likely to possess communications

20 | between the parties regarding the Licensing Agreement.

21 |           **d)**     The parties are considering entering into a stipulated protective

22 | order to address, *inter alia*, inadvertent privilege waivers.

23 |           **e)**     No changes are needed in the limitations on discovery imposed

24 | under these rules or by local rule.

25 |       **3.     Conference of Parties**

26 |           **a)**     The parties do not propose using any of the procedures in the

27 | Manual for Complex Litigation at this time.

28 |           **b)**     Motions Schedule. Plaintiff anticipates renewing its motion for

1     summary adjudication at a future date. Plaintiff may also need to amend its

2     Complaint to add other persons.

3           Defendant's dispositive Motion to Dismiss is already pending before the

4     Court. To the extent the case proceeds, Defendant anticipates filing a motion

5     pursuant to Federal Rules of Civil Procedure 12(c) and/or 56.

6           Plaintiff proposes a dispositive motion cut-off date of September 16, 2016.

7           Defendant proposes a dispositive motion cut-off date of 14 days after the

8     close of discovery.

9             **c)**     ADR. The parties propose procedure No. 1, mediation in front

10   of a magistrate judge, to be completed as soon as a magistrate judge is available.

11         **4.**     **Status of Discovery**

12          None initiated or conducted yet. Discovery has commenced in the related

13   Copyright Action.

14             **a)**     **Fact Discovery Cut-Off**

15          Plaintiff proposes July 29, 2016.

16          Defendant proposes 90 days after the completion of ADR.

17             **b)**     **Expert Discovery Cut-Off**

18          Plaintiff proposes September 9, 2016.

19           Defendant does not believe expert discovery is necessary, but if it is to

20   proceed, it should do so pursuant to Fed. R. Civ. P. 26(a)(2)(D) and 26(b)(4).

21         **5.**     **Trial Estimate**

22          Plaintiff estimates the trial to take 4 Court days. Plaintiff proposes

23   November 29, 2016, for the first day of trial.

24          Should this case not be consolidated with Copyright Action, Defendant

25   estimates trial will take 2 days or less. Defendant proposes that trial commence on

26   as soon as possible after the Court has ruled on all summary judgment motions.

27         **6.**     **Trial Counsel**

28          For Plaintiff: Eric Menhart; Heather Antoine.

1    For Defendants: John Gorman; Anita Polott; Monique Cho, all of Morgan,

2    Lewis & Bockius LLP

3    **7.    Independent Expert or Master**

4    None requested.

5    **8.    Other Issues**

6    A joint motion to consolidate the instant action with the Copyright Action

7    transferred to this District is pending before the Court.

8

9    DATED:  January 15, 2016            Respectfully Submitted,

10                                       ANTOINE LAW GROUP APC

11

12                                       By: */s/ Heather A. Antoine*
                                             Heather A. Antoine, Esq.
13                                           Attorney for Plaintiff

14                                       MORGAN, LEWIS & BOCKIUS LLP

15

16                                       By: */s/ John V. Gorman*
                                             John V. Gorman, Esq.
17                                           Admitted *Pro Hac Vice*
                                             Attorney for Defendant

18

19

20

21

22

23

24

25

26

27

28

                                    - 5 -